Waymon Bruce JOYNER,
III, Petitioner,

v.

UNITED STATES of America,
Respondent.

CIVIL ACTION NO. 2:15cv540
[ORIGINAL CRIMINAL NO. 2:98cr118]

United States District Court,
E.D. Virginia,
Norfolk Division.

Signed June 28, 2017

Counsel for Petitioner: Pro Se

Stephen Westley Haynie, Assistant United States Attorney Office, Norfolk, VA, for Respondent

## FINAL ORDER

REBECCA BEACH SMITH, CHIEF JUDGE

This matter comes before the court on the Petitioner's <u>pro se</u> Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"), filed on December 10, 2015. ECF No. 99. On December 15, 2015, the court ordered the § 2255 proceeding stayed, pending authorization from the United States Court of Appeals for the Fourth Circuit for the Petitioner to file a successive § 2255 motion. ECF No. 100. On May 26, 2016, the Fourth Circuit granted such authorization, based on Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). ECF No. 102. The United States filed a Response to the Petitioner's § 2255 Motion on July 29, 2016, ECF No. 106, to which the Petitioner submitted a Reply on October 7, 2016. ECF No. 115. On November 21, 2016, the court ordered the § 2255 proceeding stayed, ECF No. 120, pending the Fourth Circuit's decision in United States v. Major, No. 16–7279 (4th Cir. filed Sept. 21, 2016).[1] On May 5, 2017, the court lifted the stay and ordered the United States to respond to the § 2255 Motion. ECF No. 123. On June 26, 2017, the United States filed an Amended Response. ECF No. 128.[2] The § 2255 Motion is ripe for decision.

---

1. See infra note 3 and accompanying text.

2. The United States initially filed the Amended Response on June 23, 2017, but with an incorrect certificate of service. ECF No. 127.

Also before the court is the Petitioner's letter Motion to Appoint Counsel, filed subject to defect on May 25, 2017. ECF No. 124. The court entered a Striking Order on May 25, 2017, ECF No. 125, but hereby LIFTS the defect for consideration herein of the Motion to Appoint Counsel.

## I.

On October 23, 1998, a jury found the Petitioner guilty of Counts One, Two, Three, and Four of the four-count Indictment, which charged the Petitioner with being a Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 35. Pursuant to the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), the Petitioner was found to be an armed career criminal, based on one prior state court conviction for Unlawful Wounding, in violation of Virginia Code § 18.2–51, and two prior state court convictions for Statutory Burglary, in violation of Virginia Code § 18.2–91. Presentence Investigation Report ("PSR") ¶ 36. As such, his offense level total was enhanced under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4, resulting in a total offense level of 33, rather than the total offense level of 27 that would have applied without an armed career criminal designation. See id. Worksheet D.

On February 18, 1999, the court sentenced the Petitioner to a total of two hundred ninety-three (293) months imprisonment on Count One. ECF No. 43. The court dismissed the remaining counts upon a motion by the Petitioner, to which the United States conceded, based upon the decision in United States v. Dunford, 148 F.3d 385 (4th Cir. 1998) (holding that a defendant's possession of multiple firearms and ammunition, seized at the same time in the same location, supports only one conviction of 18 U.S.C. § 922(g)). See Mot. to Dismiss, ECF No. 41; Gov't Resp. to Mot. to Dismiss, ECF No. 42; Judgment, ECF No. 43.

The Petitioner appealed, and on October 15, 1999, the Fourth Circuit affirmed the Judgment. ECF No. 55. The Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which the Supreme Court denied on February 22, 2000. Joyner v. United States, 528 U.S. 1180, 120 S.Ct. 1217, 145 L.Ed.2d 1117 (2000).

## II.

In the instant § 2255 Motion, the Petitioner argues that his sentence does not survive the Supreme Court's decision in Johnson. Specifically, the Petitioner argues that his prior felony convictions for statutory burglary and unlawful wounding fall under the ACCA's now-invalid residual clause, and that "he should be resentenced without the ACCA enhancement, which would drop his 293–month sentence into a sentence with the statutory maximum of 10 years." § 2255 Mot. at 18. The Petitioner further argues that his prior conviction for unlawful wounding falls under the ACCA's now-invalid residual clause, rather than the ACCA's still-valid force clause, because the crime does not categorically "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." Id. at 20 (quoting 18 U.S.C. § 924(e) (2) (B) (i)). Additionally, the Petitioner argues that Virginia's burglary statute is indivisible, and that a proper interpretation under the categorical approach reveals the statute to be broader than generic burglary under the ACCA, thereby placing the prior convictions for statutory burglary under the ACCA's residual clause. Reply at 1–2.

In its initial Response to the Petitioner's § 2255 Motion, the United States argued that the Petitioner's prior conviction for

unlawful wounding falls under the ACCA's force clause. Resp. at 9–17. The United States also argued that the Virginia burglary statute is divisible, and that the court should apply the modified categorical approach to determine whether the Petitioner's burglary convictions qualified as generic burglary under the ACCA. Id. at 5–6. The United States concluded that the Petitioner's convictions qualified as generic burglary under that approach, placing them under the ACCA's still-intact enumerated offenses clause, and that these convictions were properly applied toward the ACCA enhancement. Id. at 6–9. The United States argued that this approach was consistent with the Fourth Circuit's decision in United States v. Foster, 662 F.3d 291 (4th Cir. 2011), reh'g en banc denied, 674 F.3d 391 (4th Cir. 2012), cert. denied, 568 U.S. 859, 133 S.Ct. 207, 184 L.Ed.2d 107 (2012). Resp. at 6. The court in Foster held that the Virginia burglary statute created multiple distinct elements identifying classes of locations that may be burgled. 662 F.3d at 293–94.

On April 25, 2017, the Fourth Circuit rejected the approach in Foster, based in part upon the Supreme Court's decision in Mathis v. United States, ––– U.S. –––, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). See Castendet–Lewis v. Sessions, 855 F.3d 253 (4th Cir. 2017).[3] The Fourth Circuit held that "it is clear that the Virginia burglary statute is indivisible," and that Foster "does not survive the Supreme Court's decision in Mathis." Castendet–Lewis, 855 F.3d at 261, 263.

3. Major remains pending before the Fourth Circuit.

4. The United States maintains that the Petitioner's prior conviction for unlawful wounding would still count toward an ACCA enhancement, but states that the court does not need to reach that issue in resolving the instant § 2255 Motion, due to the new status of the two prior burglary convictions under the

On May 5, 2017, in light of the Fourth Circuit's decision in Castendet–Lewis, this court lifted the stay of these proceedings issued on November 21, 2016, and ordered the United States to file amended responsive pleadings to the Petitioner's § 2255 Motion. In its Amended Response, the United States concedes that the Petitioner's convictions under the Virginia burglary statute cannot qualify as predicate felony offenses under the ACCA, and recommends that the court resentence the Petitioner accordingly.[4]

### III.

Based on the decision in Castendet–Lewis, the court agrees with the United States and the Petitioner that the Petitioner's prior two convictions for statutory burglary no longer support an ACCA enhancement. The Petitioner's § 2255 Motion is **GRANTED**. Moreover, because the Petitioner is being granted the relief sought in the § 2255 Motion, the Petitioner's Motion to Appoint Counsel is **DENIED AS MOOT**.

Finally, under 18 U.S.C. § 924(a) (2), the maximum penalty for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (1), without an ACCA enhancement, is one hundred twenty (120) months incarceration. Therefore, the maximum sentence that may be imposed for the Petitioner's crime of conviction is one hundred twenty (120) months incarceration and three (3) years of supervised release.

ACCA. Amended Resp. at 1. In other words, because the ACCA requires three qualifying prior convictions for an enhanced sentence, see 18 U.S.C. § 924(e) (1), the court need not, and does not, reach the issue of whether unlawful wounding constitutes a violent felony under the ACCA, given that the two prior burglary convictions no longer qualify for an ACCA enhancement.

Accordingly, the court **ORDERS** that the Petitioner's term of incarceration be reduced from two hundred ninety-three (293) months to one hundred twenty (120) months. In all other respects, the court's Judgment of February 18, 1999, ECF No. 43, remains in full force and effect. Because the Petitioner has already served more than one hundred twenty (120) months incarceration, see PSR at 1 (Petitioner in federal custody since August 5, 1998), it is further **ORDERED** that the Bureau of Prisons immediately effect the release of the Petitioner from custody, to begin his previously imposed three-year term of supervised release.

The Clerk is **DIRECTED** to send a copy of this Final Order to the Petitioner, the United States Attorney at Norfolk, the Bureau of Prisons, the United States Marshals Service, and the United States Probation Office at Norfolk.

**IT IS SO ORDERED.**